IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| HERBERTH ROMERO-TORRES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:25-cv-1726 (RDA/WBP) |
| | ) | |
| PAUL PERRY, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

This matter comes before the Court on Petitioner Herberth Romero-Torres's ("Petitioner") Petition for Writ of Habeas Corpus (Dkt. 1) seeking release from Immigration and Customs Enforcement ("ICE") custody pursuant to the bond order entered by the Immigration Judge in his immigration proceedings. Petitioner argues that, as found by the Immigration Judge, he is detained under 8 U.S.C. §1226(a) rather than under §1225(b)(2), and that his ongoing detention pursuant to the Government's argument on appeal that he is being detained under §1225(b)(2) violates his due process rights. Respondents opposed the Petition and asserted that Petitioner was properly detained under §1225(b)(2). Dkt. 4. For the reasons set forth below, the Petition is GRANTED.

## I. BACKGROUND

Petitioner Herberth Romero-Torres entered the United States in 2016 without inspection. Dkt. 1 at 2. On August 1, 2025, Petitioner made his first contact with immigration authorities and was detained while having lunch with his sister and brother-in-law in his parked car. *Id.* Petitioner is being held at the Caroline Detention Facility located in Bowling Green, Virginia, and appeared for an immigration court hearing on August 19, 2025. *Id.* at 3. Bond was granted by an Immigration Judge at the hearing, but two days later, the government appealed the bond decision, which stopped his release. *Id.*; *see also* Dkts. 1-2, 1-3.

1

On October 8, 2025, Petitioner filed the instant Petition, and on October 16, 2025, Respondents filed their Opposition to this Petition. Dkts. 1, 4. On October 21, 2025, Petitioner filed his Reply. Dkt. 5.

## II.  LEGAL STANDARD

"A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States.'" *Torrence v. Lewis,* 60 F.4th 209, 213 (4th Cir. 2023) (internal citations omitted). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts and dispose of the matter as law and justice require." 28 U.S.C. § 2243. "[T]he heart of habeas corpus," the Supreme Court has noted, is to allow a detainee to "challeng[e] the fact or duration of his physical confinement," and to "seek[] immediate release or a speedier release from that confinement." *Preiswer v. Rodriguez,* 411 U.S. 475, 498 (1973).

## III.  DISCUSSION

As a threshold matter, this Court has jurisdiction to consider Petitioner's habeas challenge to his detention as neither 8 U.S.C. §§ 1252(b)(9) nor 1252(g) divests this court of jurisdiction under 28 U.S.C. § 2241 to review the legality of Petitioner's detention. *See Luna Quispe v. Crawford,* 2025 WL 2783799, at *2–3 (E.D. Va. Sept. 29, 2025). With respect to the substance of his claim, Petitioner argues that his detention is governed by 8 U.S.C. §1226(a) rather than §1225(b)(2), and that his constitutional due process rights are being violated because the mandatory detention provision of §1225(b)(2) does not apply to him.[1] Petitioner requests that he be released pursuant to the bond order

---

[1] In his Petition, Petitioner also makes an additional claim for relief based on an alleged violation of his Eighth Amendment right to protection from cruel and unusual punishment, and requests attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"). In Petitioner's reply (Dkt. 6 at 16), Petitioner acknowledges that the Eighth Amendment claim need not be reached if the Court grants relief under § 1226(a) and that EAJA fees are not available in habeas proceedings. *See Obando-Segura v. Garland,* 999 F.3d 190, 195 (4th Cir. 2021). The Court agrees.

2

entered by the Immigration Judge in his immigration proceedings. In their Opposition, Respondents argue that Petitioner's detention is lawful and constitutional under the Immigration and Nationality Act ("INA") because Petitioner is detained under 8 U.S.C. §1225(b)(2) and not 8 U.S.C. §1226(a). Moreover, Respondents argue that because Petitioner was not legally granted entry into the country, he is still "seeking admission," making §1225(b)(2) the appropriate statute to apply to his detention. Further, Respondents assert that petitioners subsequently placed into removal proceedings who have not actually been "admitted" are subject to mandatory detention under §1225(b). Petitioner asserts that he is neither "seeking admission" nor an applicant for admission as he was already present in the country prior to his detention.

This Court observes that the parties' arguments are substantially similar to others made in recent habeas cases in this District.[2] Here, like there, the dispositive issue is reduced to whether Petitioner's detention is governed by the mandatory detention provisions in 8 U.S.C. § 1225(b)(2) or the discretionary detention provisions in 8 U.S.C. § 1226(a). Respondents argue that Petitioner is an "applicant for admission" because he entered the country without inspection, thereby subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2) and not discretionary detention under 8 U.S.C. §1226(a). Dkt. 4. Respondents acknowledge that their arguments have previously been rejected by numerous decisions both in this District and other district courts across the country and do not argue

---

[2] *See, e.g., Hasan v. Crawford,* -- F. Supp. 3d --, 2025 WL 2682255 (E.D. Va. 2025) (Brinkema, J.); *Luna Quispe v. Crawford,* 2025 WL 2783799 (E.D. Va. Sep. 29, 2025) (Trenga, J.); *Quispe-Ardiles v. Noem,* 2025 WL 2783800 (E.D. Va. Sep. 30, 2025) (Nachmanoff, J); *Vargas Nunez v. Lyons,* 1:25-cv-1574, Dkt. 10 (E.D. Va. Oct. 1, 2025) (Brinkema, J.); *Diaz Gonzalez v. Lyons,* 1:25-cv-1583, Dkt. 8 (E.D. Va. Oct. 1, 2025) (same); *Gomez Alonzo v. Lyons,* 1:25-cv-1587, Dkt. 16 (E.D. Va. Oct. 1, 2025) (same); *Perez Bibiano v. Lyons,* 1:25-cv-1590, Dkt. 8 (E.D. Va. Oct. 2, 2025) (same); *Ortiz Ventura v. Noem,* 1:25-cv-1429, Dkt. 16 (E.D. Va. Oct. 2, 2025) (Nachmanoff, J.); *Lopez-Sanabria v. Bondi,* 1:25-cv-1511, Dkt. 9 (E.D. Va. Oct. 3, 2025) (same); *Guerra Leon v. Noem,* 1:25-cv-1634, Dkt. 12 (E.D. Va. Oct. 8, 2025) (Brinkema, J.); *Maldonado Merlos v. Noem,* 1:25-cv-1645, Dkt. 11 (E.D. Va. Oct. 9, 2025) (same); *Alfaro v. Lyons,* 1:25-cv-1569, Dkt. 11 (E.D. Va. Oct. 11, 2025) (Trenga, J.); *Singh v. Lyons,* 1:25-cv-1606, Dkt. 6 (E.D. Va. Oct. 14, 2025) (same); *Teyim v. Perry,* 1:25-cv-1615, Dkt. 9 (E.D. Va. Oct. 15, 2025) (Nachmanoff, J.).

3

that this case is factually distinguishable such that it would require a different outcome. Consequently, this Court also finds that Petitioner's detention is governed by 8 U.S.C. §1226(a)'s discretionary framework, not §1225(b)'s mandatory detention procedures. *See, e.g., Singh v. Lyons, et. al.*, 2025 WL 2932635 at *4 (E.D. Va. Oct. 14, 2025) (finding that Respondents' application of §1225(b) to individuals like Petitioner already in the country contravenes the plain text and statutory scheme of the INA, which makes clear that §1225(b)(2)(A)'s scope extends only to those individuals actively seeking admission into the country, and not those that have already entered the county (albeit unlawfully)). As the Supreme Court held in *Jennings v. Rodriguez*, §1226(a) is the "default rule," which governs "aliens already in the country" who are subject to removal proceedings, whereas §1225(b) governs "aliens seeking admission into the country." 583 U.S. 281, 288–89 (2018).[3] Since Petitioner entered the country in 2016, he falls into the category of "aliens already in the country" subject to the discretionary detention provisions in §1226(a).

Having determined that Petitioner's detention is governed by §1226(a), the Court must consider whether his continued detention violates his due process rights. In that regard, the Court concludes that, for the same reasons the court found in *Luna Quispe*, 2025 WL 2783799 at *7–9, Petitioner's continued detention under §1226(a) without a bond hearing violates his substantive and procedural due process rights. Moreover, as discussed in *Hasan v. Crawford*, 2025 WL 2682255 at *4 (E.D. Va. Sept. 19, 2025), the automatic stay provision precluding Petitioner's release further violates his constitutional due process rights where it is based on assertions that Petitioner is being detained under §1225(b)(2). For the above reasons, Petitioner's detention is governed by §1226(a)'s

---

[3] The scheme developed by Congress, as interpreted in *Jennings*, affords more protections to aliens who make it past the border and deeper into the United States without being processed by immigration authorities than those stopped at the border. The Court finds this odd and questions the incentives that it creates.

4

discretionary framework, not § 1225(b)'s mandatory detention procedures, and the Court finds that Petitioner may not be denied bond on the basis that he is detained pursuant to § 1225(b)(2).

## IV. CONCLUSION

For all of the reasons above, the Petition (Dkt. 1) is GRANTED, and it is hereby

ORDERED that Respondents are ENJOINED from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that in the event Petitioner posts bond pursuant to the order of the Immigration Judge in his case, Respondents are ENJOINED from rearresting Petitioner, unless (1) he has committed a new violation of any federal, state, or local law, (2) he has failed to attend any properly noticed immigration or court hearing, (3) he is subject to detention pursuant to a final order of removal, or (4) the order granting bond is vacated or revoked on a ground other than that Petitioner is detained under §1225(b)(2).

The Clerk is directed to send copies of this Order to all counsel of record and directed to place this matter among the ended causes.

It is SO ORDERED.

Alexandria, Virginia
October 30, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge

5